CHARLES A. SWEET, APPELLANT, v. THE BUFFALO, NEW YORK AND PHILADELPHIA RAILWAY COMPANY, RESPONDENT.

*Acquisition of fee of land by city — uses to which it may apply it.*

By chapter 547 of 1864, the city of Buffalo was authorized to lay out a public ground for the purpose of maintaining and protecting a sea-wall or breakwater along the shore of Lake Erie, and to acquire title in fee to the necessary lands by compulsory proceedings and by conveyances. The act provided that, upon payment or tender to the owner of the compensation awarded for said land, the fee thereof should vest in the city for the said purpose. Subsequently, the defendant, acting in pursuance of a permit from the common council, laid its track upon the said land and used the same for its road. This action of ejectment was brought by the plaintiff, who owned a portion of the land when it was taken by the city, claiming that the city could confer, and the plaintiff acquire, no right to use the land for that purpose; and that, as against defendant, plaintiff was entitled to its possession.

*Held*, that as the fee was vested in the city, and as, under no circumstances, could

the land revert to the plaintiff, he had no greater right to complain of the use of the land by the defendant than any other citizen. That in any event an action in ejectment could not be maintained.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

*A. P. Laning*, for the appellant. The act conferring the power and delegating the right of eminent domain to the city for this specific public use is to be strictly pursued and cannot be extended by implication, or beyond what is expressed, except as necessary to accomplish the purpose for which it was granted; beyond that the statute creating the power is to be strictly construed and limited to the use and purpose expressed. (Potter's Dwarris on Statutes, 257; *Vanhorn* v. *Dorrance*, 2 Dall., 316; *In re N. Y. and H. R. R. R. Co.* v. *Kip et al.*, 46 N. Y., 546; *R. and S. S. R. R. Co.* v. *Davis*, 43 id., 137, 146; *Newell* v. *Wheeler*, 48 id., 486; *Ex parte Ward*, 52 id., 39.) The word "fee," as used in the act, does not import an estate of inheritance or perpetuity, it is used rather to create an interest, *publici juris*, to continue so long as it is required for that purpose, and to the extent necessary to carry out the intention of the act, being according to the primary definition by Blackstone, "an estate held of a superior." (2 Bl. Com., 105.) The city, under this act, could take what was needful to effectuate this purpose, and the original owner was deprived of nothing more. (*People* v. *Kearn*, 27 N. Y., 196, 197.) Again, the strict or technical definition of the term "fee" is not to control as to character of the estate created. (2 Rev. Stat., chap. 1, tit. 5, § 2; *Bridges* v. *Pierson*, 45 N. Y., 604; *Denling* v. *Rogers*, 22 Wend., 489.) Taking the whole statute together for the purpose of determining what power the legislature intended to confer it is manifest that the city acquired an easement or servitude in the land and not the title, and that it was all that was necessary to be acquired for the purpose of effectuating the object of the statute and is within the exact legal definition of the term, viz. : "A liberty, privilege or advantage in land, without profit, existing distinct from an ownership in the soil." (*Pomeroy* v. *Mills et al.*, 3 Vt., 208; 1 Crabb's Real Prop., 125, § 115.) The rights to the land thus appropriated when no longer required for the use specified would become abso-

lute in the owner since it is apparent, from a fair construction of the statute, that it was not the intention of the legislature to vest an absolute title in the city by these proceedings, or any title beyond what was necessary for the purpose designated. A greater estate or right in lands cannot be taken for a public use than is declared necessary and is actually applied to it. (*Matter of Albany Street*, 11 Wend., 150, 151; *Matter of Cherry Street*, 19 id., 667; *Barbow* v. *Townsend*, 1 Mylne & Keene, 506; *Hooker* v. *W. and N. T. R. Co.*, 12 Wend., 371; *Dunham* v. *Williams*, 36 Barb., 137.) This statute does not purport to vest the title in the city for ever, but simply for the limited use; and by restraining the power of alienation to the United States for the same purpose raises the implication that it cannot be conveyed to any other person, or for any other use, so that there is a resulting use as to the residue by implication of law in favor of the grantor. (2 Fonbl. Eq. [2d English ed.], 132; 1 id., 439; 4 Kent Com. [5th ed.], 306; 1 Cruise Dig., 399, tit. 11, chap. 4, §§ 20, 32, 34.) The plaintiff having the title to the land in question subject to the right of the city to use it for the purposes of a sea-wall may maintain trespass against any one entering upon it for any other purpose than to construct or maintain the same, or ejectment to recover possession, if acquired for any other purpose, or an action to restrain the use or appropriation of the land by which the owner's right will be impaired or the burden upon his estate increased. (*Williams* v. *The N. Y. C. R. R. Co.*, 16 N. Y., 97; *Creigh* v. *R. and B. R. R. Co.*, 37 id., 404; *Brondge* v. *Warner*, 2 Hill, 145; *Mahone* v. *N. Y. C. R. R. Co.*, 24 N. Y., 658; *Carpenter* v. *O. and S. R. R. Co.*, 24 id., 655; *Wager* v. *Troy Union R. R. Co.*, 25 id., 526; *Lozier* v. *The N. Y. C. R. R. Co.*, 42 Barb., 465.)

*Sherman S. Rogers*, for the respondent.

MULLIN, P. J.:

In 1864 the legislature passed an act entitled "An act authorizing the common council of the city of Buffalo to lay out a public ground for the purpose of maintaining and protecting a sea-wall or break-water, along the shore or margin of Lake Erie." (Chap. 547 of the Laws of 1864.)

By the first section of said act the common council was authorized to lay out, make and open a public ground in said city for the purposes mentioned in the title of said act, and it was also authorized to acquire title to the strip of land required for such purposes in the same manner as the common council was, by the charter of said city, to acquire lands for laying out streets and highways in said city. The city was also empowered to acquire title to the land by conveyance from the owner. It was provided by the same section that, upon payment or tender to the owner of the compensation awarded for said land, the fee thereof should vest in the city for the purpose aforesaid, and thereafter the said land should remain a public ground for the maintenance and protection of a sea-wall or breakwater. The city acquired title to the strip of land mentioned in the statute for the purposes specified therein. The plaintiff was the owner of said land when proceedings were instituted to acquire title.

In 1874 the common council, by the votes of two-thirds of its members, gave permission to the defendants to lay its track and run its locomotives and cars on and along the piece of ground taken for the breakwater. The defendants, in pursuance of the permission thus granted, laid the track of its road over said strip of land and has ever since run its engines and cars over the same.

In May, 1874, the person owning said premises, at the time the city acquired title thereto, conveyed the same to the plaintiff in this action, who sues to recover possession of said strip of land, on the ground that the city acquired the land for the purpose of a sea-wall to protect the shore of the lake from being washed away by the waters of the lake; and that the defendant could not acquire legal right to lay its track and run its trains over said premises; and that, as against defendant, the plaintiff is the legal owner of the premises, and entitled to the possession. The defendant, in its answer, denied the complaint, and set up, by way of defense, the acquisition of the fee of said land by the city, and a license, by the votes of two-thirds of the members of the common council, for defendant to locate its tracks and run its trains thereon. On the trial at Special Term the facts were agreed upon, and the court ordered judgment dismissing the complaint, and from it the plaintiff appeals.

Chancellor KENT, in his Commentaries (vol. 4, p. 5), speaking of a title ·in fee, says it is an estate of perpetuity, and confers an unlimited power of alienation, and no person is capable of having a greater estate or interest in land.

When, therefore, the city, by virtue of the proceedings authorized by the act of 1864, acquired the fee of the land for a breakwater, the title of the owner was completely divested, and he had thereafter no other or greater interest in said land than any other citizen of Buffalo. He had no color of title on which to sustain an action of ejectment. The title can in no contingency revert to the original owner or her grantees; and I apprehend that the plaintiff has no greater or better right to complain of the use of the premises by the defendant than has every other inhabitant of the city.

If the plaintiff had the right to insist that the city could not lawfully consent to the use of the premises for any other purpose than that for which it was acquired, that would not entitle him to maintain ejectment.

The judgment should be affirmed, with costs.

Present — MULLIN, P. J., and SMITH, J.; TALCOTT, J., not sitting.

Ordered accordingly.